IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER ANTONIO SEALE, TDCJ # 1059218, Petitioner, | § § § § | |
| v. | § § | CIVIL ACTION H-13-1451 |
| RICK THALER, et al., Respondents. | § § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Peter Antonio Seale.[1] (Docket No. 1.) Petitioner is presently in the custody of the Texas Department of Criminal Justice--Correctional Institutions Division (TDCJ-CID). Petitioner challenges an Immigration Judge's order that Petitioner be removed from the country upon his release from prison as an alien convicted of an aggravated felony. Petitioner seeks termination of his removal proceedings on the grounds that he is allegedly a United States citizen. Having reviewed the petition the Court finds that it must be dismissed for want of subject matter jurisdiction.

## ANALYSIS

Federal courts are courts of limited jurisdiction; therefore, it is incumbent upon the Court to dismiss an action

---

[1] Although the case was filed as a petition under 28 U.S.C. § 2254, because Petitioner is challenging his immigration removal order, his petition is more proper under 28 U.S.C. § 2241.

"whenever it appears that jurisdiction may be lacking." <u>Stockman v. Federal Election Comm'n</u>, 138 F.3d 144, 151 (5th Cir. 1998). The REAL ID Act, Pub. L. No. 109-13, 119, Stat. 231, (codified at, *inter alia*, 8 U.S.C. § 1252), divests all federal district courts of jurisdiction over challenges to final orders of removal. See <u>Rosales v. Bureau of Immigration & Customs Enforcement</u>, 426 F.3d 733, 736 (5th Cir. 2005). Thus, the exclusive means of judicial review of actions regarding removability is a petition for review filed with the court of appeals, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28 . . . ." 8 U.S.C. § 1252(a)(5). A subsequent paragraph of § 1252 further provides that no court may "enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title . . . ." <u>Id.</u> § 1252(e)(1)(A).

The REAL ID Act removes from this Court jurisdiction to terminate removal proceedings, which would be the necessary effect of granting the relief sought by Petitioner in this case. 8 U.S.C. § 1252. Petitioner's pleadings do not reflect that he is raising an independent challenge to his continued detention. Because the petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the Act is not applicable to this case. REAL ID Act § 106(c), Pub. L.

No. 109-13, 119 Stat. at 311. Moreover, Petitioner previously presented the issues raised here to the Board of Immigration Appeals and the United States Court of Appeals for the Fifth Circuit, without success. Seale v. Holder, 482 Fed. Appx. 952 (5th Cir. 2012)

Thus, because the noted provisions of 8 U.S.C. § 1252 clearly deprive this Court of jurisdiction over Petitioner's claims, this case is subject to dismissal pursuant to Rule 12(b)(1).

## ORDER

For the foregoing reasons, it is ORDERED that:

1. Petitioner Peter Antonio Seale's Petition for Writ of Habeas Corpus (Docket No. 1) is DISMISSED for lack of jurisdiction, without prejudice to Petitioner seeking relief in the appropriate court of appeals.

2. All other pending motions, if any, are DENIED.

The Clerk will enter this Order and provide a correct copy to all counsel of record.

Signed at Houston, Texas, on *December 26*, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE